# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKHEEM DESHAVIER WILLIAMS, | Case No. 1:17-cv-00816-DAD-BAM |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO FILE A SINGLE AMENDED COMPLAINT |
| v. | (ECF Nos. 16, 18, 19, 20, 21, 22, 23, 24) |
| PATRICK JORDAN, LARRY LEEDS, JONATHAN RIVERA, and STEVEN SITTER, | **THIRTY (30) DAY DEADLINE** |
| Defendants. | |

Plaintiff Akheem Deshavier Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his initial complaint on June 19, 2017. (ECF No. 1). After mailings to the court were returned as undeliverable, this court issued findings and recommendations to dismiss Plaintiff's Complaint based on Plaintiff's failure to prosecute. When Plaintiff was released from jail he went to the District Court to change his address and check on the status of his case. The Clerk's office discovered that Plaintiff's incorrect address was a result of his name being incorrectly entered on the docket. This error was corrected and the court vacated the findings and recommendations to dismiss Plaintiff's case. (ECF No. 5). Having corrected the error, the court advised Plaintiff that it would screen his initial complaint and direct the United States Marshal to serve his complaint only after the court determined that it contains cognizable claims for relief against the named

1

defendants. The court informed Plaintiff that it had a large number of such cases pending and it would screen his complaint in due course. (ECF No. 5).

### A. Plaintiff's Piecemeal Filings Prior to Screening

Prior to screening, Plaintiff has filed multiple documents with the court in an effort to supplement or amend his initial complaint. Plaintiff first filed a motion to correct information stated in his "1983 form" and to add information to his initial complaint. (ECF No. 7). Plaintiff then filed a "First Amended Complaint" on February 16, 2018, as a matter of right. *See* Fed. R. Civ. P. 15(a)(1)(A). Plaintiff's First Amended Complaint stated that he "is amending his complaint to add facts as true" and state grounds of relief for the violations committed against him. (ECF No. 12). However, on April 26, 2018, Plaintiff sent a letter to the court explaining that he did not intend to amend his initial complaint with the February 16, 2018 filing. Instead, Plaintiff intended for his February 16 filing to "add evidence in the suit for the Judge to see." (ECF No. 14).

On June 11, 2018, Plaintiff filed a motion to produce documents to supplement his initial complaint and "assist the court with its screening process." (ECF No. 25). His June 11, 2018, filing also included a separate letter to the court alleging that on May 28, 2018, he was involved in an altercation with law enforcement where he was charged with reckless behavior. (ECF No. 26). This letter was followed by no less than six other filings seeking to add, modify, or omit claims and factual allegations contained in his initial complaint. *See* (ECF No. 16, motion alleging additional facts "to give the court better insight and truth as to where this case is"); (ECF No. 30, a supplement to "clarify statements made" in his initial complaint); (ECF No. 20 "a motion to drop claim 4"); (ECF No. 21 a "motion to amend the complaint to include additional claims for relief"); (ECF No. 23 motion stating that Plaintiff would like to proceed on claim 5); (ECF No. 27, a memorandum to "produce documents to the court for screening for a better understanding of the suit which the court has not asked for").

### B. Plaintiff Shall File a Single Amended Complaint

Plaintiff may not amend his complaint in this piecemeal fashion by filing separate documents that are intended to be read together as a single complaint. If Plaintiff wishes to add, omit, or correct information in the operative complaint, he must file an amended or supplemental

2

complaint that is complete within itself. See E.D. Cal. Local Rule 220; *Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). At this point, because it is entirely unclear which claims Plaintiff intends to pursue, the court will permit Plaintiff an opportunity to file a single amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Plaintiff's amended complaint shall clearly set forth the claims and allegations against each defendant and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

The allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth*, 114 F.3d at 1474 (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux,* 375 F.2d at 57).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See E.D. Cal. L.R. 110.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a single amended complaint;
3. Plaintiff shall clearly identify the amended complaint as "Second Amended Complaint" and refer to the case number;
4. Plaintiff's amended complaint <u>**shall not exceed twenty-five (25) pages in length**</u>; and
5. <u>**If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.**</u>

IT IS SO ORDERED.

Dated: **October 9, 2018** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE