1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   AKHEEM DESHAVIER WILLIAMS,            Case No.  1:17-cv-00816-DAD-BAM

12              Plaintiff,                 ORDER DIRECTING PLAINTIFF TO FILE A
                                           SINGLE AMENDED COMPLAINT
13        v.
                                           (ECF Nos. 32, 33, 34, 35, 36, 37, 39)
14   PATRICK JORDAN, LARRY LEEDS,
     JONATHAN RIVERA, and STEVEN           **THIRTY (30) DAY DEADLINE**
15   SITTER,

16              Defendants.                ORDER DENYING MOTION TO ACCEPT
                                           AMENDED COPLAINT AS SECOND
17                                         AMENDED COMPLAINT

18                                         (ECF No. 33)

19
                                           ORDER DENYING MOTION TO SCREEN
20                                         COMPLAINT OR REASSIGN MATTER

21                                         (ECF No. 39)

22

23        Plaintiff Akheem Deshavier Williams ("Plaintiff") is proceeding *pro se* and *in forma*

24   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his initial complaint

25   on June 19, 2017.  (ECF No. 1.)

26        On October 22, 2017, after mailings from the Court were returned as undeliverable, the

27   Court issued findings and recommendations to dismiss Plaintiff's Complaint based on Plaintiff's

28   failure to prosecute.   (ECF No. 4.)  On January 8, 2018, Plaintiff appeared in person at the office

                                            1

of the Clerk of the Court and discovered that Plaintiff's incorrect address was a result of his name being incorrectly entered on the docket. (ECF No. 5.) This error was corrected, and the Court vacated the findings and recommendations to dismiss Plaintiff's case. (*Id*.) Having corrected the error, the Court advised Plaintiff that it would screen his initial complaint and direct the United States Marshal to serve his complaint only after the Court determined that it contains cognizable claims for relief against the named defendants. (*Id.*) The Court informed Plaintiff that it had many such cases pending and it would screen his complaint in due course. (*Id.*)

### A. Plaintiff's Piecemeal Filings

Plaintiff subsequently filed multiple documents with the Court in an effort to supplement or amend his initial complaint. (ECF Nos. 7, 12, 14, 16, 20, 21, 23, 25, 26, 27, 30.) Accordingly, on October 9, 2018, the Court issued an order directing Plaintiff to file a single amended complaint (ECF No. 31.) The Court explained that Plaintiff was not permitted to amend his complaint in a piecemeal fashion and, if Plaintiff wished to add, omit, or correct information in the operative complaint, he must file an amended or supplemental complaint that is complete within itself. (*Id.*) Plaintiff was instructed that his amended complaint must not to exceed twenty-five (25) pages in length. The Court further instructed Plaintiff that his amended complaint must not to exceed twenty-five (25) pages in length and must be clearly identified as "Second Amended Complaint." (*Id.*) Plaintiff was cautioned that failure to comply would result in the action being dismissed for failure to obey a court order. (*Id.*)

On October 29, 2018, Plaintiff filed a document titled Amended Complaint that was twenty-six (26) pages in length. (ECF No. 32.) On November 2, 2018, Plaintiff filed a motion requesting that the Court accept the Amended Complaint as the Second Amended Complaint as Plaintiff had failed to follow the Court's directive to clearly identify his amended complaint as "Second Amended Complaint." (ECF No. 33.) The same day, Plaintiff lodged a separate document consisting of three (3) pages, including the first page of a civil rights complaint form labeled "Second Amended Complaint" followed by two pages of purported corrections to the previously-filed amended complaint. (ECF No. 34.) Plaintiff then submitted three additional filings totaling thirteen (13) pages which appear to attempt to add, modify, or omit claims and factual allegations

from his Second Amended Complaint.  (ECF Nos. 35, 36, 37.)   On February 26, 2019, Plaintiff filed a motion requesting that the Court screen his complaint or reassign this matter to a new magistrate judge.  (ECF No. 39.)

**B.      Plaintiff Must File A Single Amended Complaint**

Plaintiff requests that the court screen his complaint, yet Plaintiff continues to make piecemeal allegations in numerous filings (Doc. 32, 34, 35, 36, 37) after being informed that the Court can only consider a single amended complaint (Doc. 31).  The Court cannot screen piecemeal allegations and must instead have a single complaint that is complete within itself.  *See* Fed.R.Civ.P. 7; E.D. Cal. L.R. 220.  Because, again, it remains entirely unclear which claims Plaintiff intends to pursue, the court will permit Plaintiff a **final opportunity** to file a single amended complaint.  No further "notices" shall be permitted as this is Plaintiff's final opportunity to comply with the Court's orders.

Plaintiff's amended complaint shall clearly set forth the claims and allegations against each defendant and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

The allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d

1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order will result in this action being dismissed. See E.D. Cal. L.R. 110.

Accordingly, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's motion requesting that the Court accept the Amended Complaint as the Second Amended Complaint (ECF No. 33) is DENIED;

2.     Plaintiff's motion requesting that the Court screen his complaint or reassign this matter (ECF No. 39) is DENIED;

3.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

4.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a single amended complaint;

5.     Plaintiff shall clearly identify the amended complaint as "Second Amended Complaint" and refer to the case number;

6.      Plaintiff's amended complaint **shall not exceed twenty-five (25) pages in length**; and

7.      **If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   __**March 1, 2019**__          ___/s/ *Barbara A. McAuliffe*___
                                                UNITED STATES MAGISTRATE JUDGE

4