| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | # UNITED STATES DISTRICT COURT |
| 5 | EASTERN DISTRICT OF CALIFORNIA |
| 6 | |
| 7 | AKHEEM DESHAVIER WILLIAMS, |
| 8 | Plaintiff, |
| 9 | v. |
| 10 | PATRICK JORDAN, LARRY LEEDS, JONATHAN RIVERA, and STEVEN SITTER, |
| 11 | |
| 12 | Defendants. |

Case No. 1:17-cv-00816-DAD-BAM

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS

(Doc. Nos. 31, 32, 33, 34, 35, 36, 37, 39, 41, 42, 44, 45, 49, 50, 51, 52)

ORDER DENYING PLANTIFF'S MOTION FOR PERMISSION TO PRODUCE DOCUMENTS

(Doc. No. 44)

ORDER DENYING PLAINTIFF'S MOTION TO INVESTIGATE CASE IN KINGS COUNTY

(Doc. No. 45)

ORDER DENYING PLAINTIFF'S MOTION TO INVESTIGATE KINGS COUNTY JAIL

(Doc. No. 49)

ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS

(Doc. No. 51.)

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR COPY OF DOCKET AND ESTIMATE OF COSTS

(Doc. No. 52)

ORDER DIRECTING CLERK OF COURT TO MAIL PLAINTIFF COPY OF DOCKET

1

**I.     Background**

Plaintiff Akheem Deshavier Williams ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his initial complaint on June 19, 2017. (Doc. No. 1.)

On October 22, 2017, after mailings from the Court were returned as undeliverable, the Court issued findings and recommendations to dismiss Plaintiff's Complaint based on Plaintiff's failure to prosecute. (Doc. No. 4.) On January 8, 2018, Plaintiff appeared in person at the office of the Clerk of the Court and discovered that Plaintiff's incorrect address was a result of his name being incorrectly entered on the docket. (Doc. No. 5.) This error was corrected, and the Court vacated the findings and recommendations to dismiss Plaintiff's case. (*Id.*) Having corrected the error, the Court advised Plaintiff that it would screen his initial complaint and direct the United States Marshal to serve his complaint only after the Court determined that it contains cognizable claims for relief against the named defendants. (*Id.*) The Court informed Plaintiff that it had many such cases pending and it would screen his complaint in due course. (*Id.*)

Plaintiff subsequently filed multiple documents with the Court in an effort to supplement or amend his initial complaint. (Doc. Nos. 7, 12, 14, 16, 20, 21, 23, 25, 26, 27, 30.) Accordingly, on October 9, 2018, the Court issued an order directing Plaintiff to file a single amended complaint (Doc. No. 31.) The Court explained that Plaintiff was not permitted to amend his complaint in a piecemeal fashion and, if Plaintiff wished to add, omit, or correct information in the operative complaint, he must file an amended or supplemental complaint that is complete within itself. (*Id.*) The Court further instructed Plaintiff that his amended complaint must not to exceed twenty-five (25) pages in length and must be clearly identified as "Second Amended Complaint." (*Id.*) Plaintiff was cautioned that failure to comply would result in the action being dismissed for failure to obey a court order. (*Id.*)

On October 29, 2018, Plaintiff filed a document titled Amended Complaint that was twenty-six (26) pages in length. (Doc. No. 32.) On November 2, 2018, Plaintiff filed a motion requesting that the Court accept the Amended Complaint as the Second Amended Complaint as Plaintiff had failed to follow the Court's directive to clearly identify his amended complaint as "Second

Amended Complaint." (Doc. No. 33.) The same day, Plaintiff lodged a separate document consisting of three (3) pages, including the first page of a civil rights complaint form labeled "Second Amended Complaint" followed by two pages of purported corrections to the previously-filed amended complaint. (Doc. No. 34.) Plaintiff then submitted three additional filings totaling thirteen (13) pages which appear to attempt to add, modify, or omit claims and factual allegations from his Second Amended Complaint. (Doc. Nos. 35, 36, 37.)

On March 1, 2019, the Court issued an order again directing Plaintiff to file a single amended complaint and advising him that piecemeal amendments were impermissible. (Doc. No. 41.) The Court's March 1, 2019 order warned Plaintiff that this was his **final opportunity** to file a single amended complaint and failure to comply would result in dismissal of the action for failure to obey a court order. (Doc. No. 41.) On March 8, 2019, Plaintiff filed a document titled Second Amended Complaint. (Doc. No. 42.) Subsequently, while Plaintiff's Second Amended Complaint remained pending at the screening stage, Plaintiff submitted several additional filings styled as motions and/or notices which again set forth lengthy factual allegations in a purported attempt to add, modify, or omit claims and factual allegations and to identify exhibits to Plaintiff's earlier-filed Second Amended Complaint in a piecemeal fashion. (Doc. Nos. 44, 45, 49, 50, 51, 52.)

**II.     Discussion**

**A.     Plaintiff's Failure to Obey Court Orders to File A Single Amended Complaint**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran,* 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure

to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the action has been pending since June 19, 2017, and the Court has been unable to screen Plaintiff's complaint due to his repeated failure to comply with this Court's orders. Despite being informed that the Court can only consider a single complaint that is complete within itself, Plaintiff continues to make piecemeal allegations in numerous filings. (*See* Doc. Nos. 44, 45, 49, 50, 51.) The Court has twice advised Plaintiff that it cannot screen Plaintiff's complaint because it remains entirely unclear which claims Plaintiff intends to pursue. (*See* Doc. Nos. 31, 41.) The Court cannot hold this case in abeyance awaiting compliance by Plaintiff. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, a warning to a party that failure to obey an order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik,* 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's October 9, 2018, and March 1, 2019 orders explicitly warned Plaintiff that his failure to comply would result in dismissal of this action for failure to obey a court order. (Doc. Nos. 31, 41.) Thus, Plaintiff had clear and adequate warnings that dismissal would result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions or the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has refused to comply with the Court's prior orders.

### B. Motions for Permission to Produce Documents, to Investigate Plaintiff's Ongoing Case in Kings County, and to Investigate Kings County Jail

On April 30, 2019, Plaintiff filed a motion requesting permission to submit certain documents to the Court. (Doc. No. 44.) On May 14, 2019, Plaintiff filed a motion requesting that the Court "investigate" Plaintiff's ongoing criminal case in the Superior Court for the County of Kings. (Doc. No. 45.) On June 5, 2019, Plaintiff filed a motion requesting that the Court "investigate" the Kings County Jail. (Doc. No. 49.)

It appears that all three filings are in reality attempts to add, modify, or omit claims and factual allegations and to identify exhibits to Plaintiff's earlier-filed Second Amended Complaint in a piecemeal fashion in violation of the Court's prior orders as discussed further above. However, to the extent Plaintiff's motion requesting permission to submit documents is intended to identify future evidence and not exhibits to the Second Amended Complaint in a piecemeal fashion, Plaintiff's motion is unnecessary as this action has not yet reached a juncture at which the submission of evidence is necessary and appropriate (e.g., summary judgment or trial) and there are no pending matters which require the submission of evidence. Moreover, the Court lacks jurisdiction to issue the orders Plaintiff seeks by way of his motions requesting that the Court "investigate" his criminal proceedings in the Superior Court of California for the County of Kings and his allegations regarding the Kings County Jail. *See Young v. California Dep't of Corr. & Rehab.*, 2009 WL 2525413, at *2 (E.D. Cal. Aug. 17, 2009). Accordingly, the Court will deny Plaintiff's motions.

### C. Motion for Stay of Proceedings

On June 21, 2019, Plaintiff filed a motion requesting that the Court stay this matter pending resolution of *Williams v. Marsh,* Case No. 1:19-cv-00309-LJO-SKO, so that he may use any funds recovered in that matter to pay for an attorney in this case. (Doc. No. 51.)

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.,* 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

Here, Plaintiff has not specified or provided an estimate of the length of the requested stay. A review of the docket in *Williams v. Marsh* indicates that no Scheduling Order has issued, and no trial date has been set, in that matter. Any stay of these proceedings would therefore necessarily be lengthy and indefinite. Plaintiff additionally has not carried his burden of establishing the need to stay this action in the first instance. The majority of Plaintiff's motion consists of various opaque factual allegations unrelated to the requested stay that instead appear to be yet another attempt to address the merits of this action and supplement Plaintiff's Second Amended Complaint in a piecemeal fashion. Accordingly, the Court declines to grant an indefinite stay of this action.

### D. Motion for Copy of Docket and an Estimate of Costs

Plaintiff has additionally filed a motion requesting a copy of the docket in this action and an estimate of the cost to have "all motion[s] [Plaintiff] sent to the court and the court sent to [Plaintiff.]" (Doc. No. 52.) It is unclear from the motion whether Plaintiff requests copies of all documents he has filed at this time, or merely a copy of the docket entries.

Generally, the Clerk's Office will provide copies for Plaintiff at a cost of $0.50 per page. Under the circumstances, the Court will make a one-time exception and will direct the Clerk's Office to provide a copy of the docket in this action to Plaintiff at no charge. However, Plaintiff is advised that any further copies, including any copies of motions or other documents filed with the Court, will need to be paid for in full by Plaintiff. Plaintiff is further advised that it is his responsibility to maintain copies of all documents submitted to the Court for filing. Moreover, the Court is unable to provide the requested estimate of cost at this time as it unable to discern the scope of Plaintiff's request as presently phrased. For example, Plaintiff has filed numerous

documents with varying titles with the Court and it is unclear which of these, if any, Plaintiff considers to be subject to his request for "all motion[s]" that he has sent to the Court. Likewise, to date, the Court is not aware of any "motion[s]" that it has "sent" to Plaintiff and is therefore unable to determine what is intended by this portion of Plaintiff's request. The Court cannot provide the requested estimate of total cost because Plaintiff has failed to identify any documents for which he requests copies with reasonable particularity.

### III. Order and Recommendation

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for permission to produce documents (Doc. No. 44) is DENIED;

2. Plaintiff's motion for the Court to investigate Plaintiff's ongoing case in Kings County (Doc. No. 45) is DENIED;

3. Plaintiff's motion for the Court to investigate the Kings County Jail (Doc. No. 49) is DENIED;

4. Plaintiff's motion for stay of proceedings (Doc. No. 51) is DENIED;

5. Plaintiff's motion for a copy of the docket and an estimate of costs (Doc. No. 52), is GRANTED IN PART AND DENIED IN PART; and

6. The Clerk's Office shall mail a copy of the docket in this action to Plaintiff at his current address of record.

Further, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to obey the Court's orders.

///
///
///
///
///
///
///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler,* 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 16, 2019**              /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE