# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKHEEM DESHAVIER WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK JORDAN, LARRY LEEDS, JONATHAN RIVERA, and STEVEN SITTER,<br><br>Defendants. | Case No. 1:17-cv-00816-DAD-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Akheem Deshavier Williams ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On July 18, 2019, the Court issued findings and recommendations that this action be dismissed for failure to obey the Court's orders. (Doc. No. 55.) The Court ordered that any objections to the findings and recommendations were to be filed within fourteen (14) days after service. (*Id.*)

On August 5, 2019, Plaintiff filed a document entitled "Notice of Hunger Strike Starting 7/31/19." (Doc. No. 56.) In this notice, Plaintiff states that he has prepared a response to the Court's findings and recommendations but would not be filing that document because he believed he had sixty (60) days to respond and additionally does not want Kings County Jail personnel reviewing the contents of his objections. (*Id.*) The remainder of the notice details Plaintiff's intent to begin a hunger strike and the reasons therefore. (*Id.*)

1

The Court construes Plaintiff's notice as a motion for a sixty-day extension of time to file objections to the Court's findings and recommendations. However, Plaintiff has failed to establish good cause for an extension of sixty days at this time. Plaintiff's motion is untimely and he has not explained why he was unable to request an extension of time before the deadline to file his objections. The Court's findings and recommendations explicitly state that Plaintiff had fourteen days to file his objections and his belief that he had sixty days to do so, without further explanation, is unreasonable. (*See* Doc. No. 55) Plaintiff further provides no explanation as to why this amount of time is necessary or how such an extension will cure Plaintiff's concerns regarding Kings County Jail personnel's ability to review the contents of his objections, particularly in light of the fact that any objections filed with the Court are public documents. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("[J]udicial records are public documents almost by definition, and the public is entitled to access by default.") Nonetheless, in light of Plaintiff's *pro se* status, the Court finds good cause to grant Plaintiff a more limited extension of time *nunc pro tunc* to file any objections to the pending findings and recommendations. The Court finds that an extension of fourteen days, rather than sixty, is appropriate under the circumstances, particularly as Plaintiff represents that he has already prepared his objections and is merely waiting to file them.

Plaintiff is reminded that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). Plaintiff is further reminded that any objections should be limited to the subject matter of this action and the contents of the Court's findings and recommendations. In light of Plaintiff's repeated failures to comply with the Court's orders as detailed in the Court's July 18, 2019 findings and recommendations, Plaintiff is advised that no further extensions of time will be granted absent a showing of good cause.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's request for an extension of time is GRANTED IN PART AND DENIED IN PART. Plaintiff shall file his objections to the Court's July 18, 2019 findings and recommendations within fourteen (14) days from the date of service of this order.

IT IS SO ORDERED.

Dated: **August 8, 2019**       /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE