UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT H. STOVER, et al.,<br><br>Defendant. | No. 1:17-cv-00816-DAD-BAM (PC)<br><br>ORDER FINDING APPEAL NOT TAKEN IN GOOD FAITH |

Plaintiff Ahkeem Deshavier Williams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 23, 2019, the court dismissed the action, concluding that plaintiff had failed to state a cognizable claim. (Doc. No. 62.) On October 30, 2019, plaintiff filed a notice of appeal. (Doc. No. 64.) On November 7, 2019, the United States Court of Appeals for the Ninth Circuit referred the matter to this court for a determination, under Federal Rule of Appellate Procedure 24(a), whether plaintiff's appeal is frivolous or taken in bad faith. (Doc. No. 67).

An appeal is taken in good faith if the appellant seeks review of any issue that is not frivolous. *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole). A frivolous action is one "lacking [an] arguable basis in law or in fact." *Franklin v.*

1

1  *Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a
2  court need only find that a reasonable person could suppose that the appeal has some merit."
3  *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

4       The court dismissed this action with prejudice due to plaintiff's failure to obey the court's
5  previously issued orders, wherein the court repeatedly directed plaintiff to file a single, complete
6  amended complaint, instead of filing multiple, piecemeal amendments that obstructed the court's
7  ability to screen his complaint. (Doc. No. 55.) In total, the court issued two such orders, the last
8  of which warned plaintiff that the court was providing him a final opportunity to file a single
9  amended complaint and that his failure to so comply would result in dismissal of this action due
10 to his failure to obey a court order. (*Id.* at 3.) Nevertheless, plaintiff proceeded to once again file
11 multiple, piecemeal amendments, in direct contravention to the court's orders. Accordingly, the
12 court dismissed plaintiff's complaint for failure to obey the court's orders, after weighing the
13 factors outlined in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986) ("(1) the public's
14 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
15 risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
16 merits and (5) the availability of less drastic sanctions").

17       Plaintiff's notice of appeal does not meaningfully dispute that he failed to comply with the
18 court's orders. Rather, plaintiff argues that his complaint was "never screened" (Doc. No. 64 at
19 1), but as the assigned magistrate judge noted in the July 18, 2019 findings and recommendations,
20 which the undersigned adopted in full, "the Court has been unable to screen Plaintiff's complaint
21 due to his repeated failure to comply with this Court's orders." (Doc. No. 55 at 4.) Plaintiff also
22 contends that the judges of this court "ha[ve] been in colussion [sic] against [his] rights" and that
23 he has "been cheated out of [his] rights." (Doc. No. 64 at 1.) The undersigned, however, can
24 discern no basis for appeal in this case other than plaintiff's mere disagreement with the court's
25 ruling, which does not suffice to demonstrate good faith or merit.
26 /////
27 /////
28 /////

Accordingly:

1. Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), the court finds that the appeal is not taken in good faith; and

2. Pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), the Clerk of the Court is directed to serve this order on plaintiff and the U.S. Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **November 20, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE